IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**UNITED STATES OF AMERICA**          **PLAINTIFF**

**V.**          **NO. 4:23-CV-32-DMB-JMV**

**DEEDA PAUL**          **DEFENDANT**

## ORDER

On February 13, 2023, the United States of America filed a complaint against Deeda Paul in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA') … and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon [Paul's] receipt of Paycheck Protection Program funds to which she was not entitled." Doc. #1 at PageID 1. Specifically, the complaint alleges that Paul, through false representations, received PPP loans totaling $56,217.00 (for which the Small Business Administration paid a total of approximately $10,000 in processing fees to the financial institutions involved), and that Paul, also through false representations, obtained forgiveness of those loans by the SBA. *Id.* at PageID 6–7.

On March 24, 2023, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the [proposed consent judgment]."[1] Doc. #4.[2] Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Paul, who appears pro se. *Id.*

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal

---

[1] In violation of Local Rule 47(B), the proposed consent judgment is attached to the joint motion.

[2] The motion's certificate of service was filed April 3, 2023. Doc. #5.

    determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

    The Court has reviewed the proposed consent judgment—which requires Paul to pay $66,820.29 plus interest and the $402.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The parties' proposed consent judgment will be signed and entered by the Court.

    **SO ORDERED**, this 13th day of April, 2023.

                                        /s/Debra M. Brown
                                        **UNITED STATES DISTRICT JUDGE**